

FILED
APR 16 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

GEORGE JONATHAN GATLIN, #364625,

    Petitioner,

v.                                                    2:09CV509

GENE M. JOHNSON,
Director of Virginia Dept. of Corrections,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge[1] pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure.

### I. STATEMENT OF THE CASE

On May 11, 2006, in the Circuit Court for the City of Virginia Beach, Virginia, a jury convicted petitioner George Jonathan Gatlin ("Petitioner" or "Gatlin") of voluntary manslaughter and use of a firearm in the commission of a murder. (Resp.'s Brief at Ex. 1). On October 2, 2006, Petitioner was sentenced to thirteen years imprisonment--ten years for voluntary manslaughter, and three years for the use of a firearm in the commission of a murder. Id. Petitioner appealed to the Virginia Court of Appeals, which denied his appeal on August 17, 2007. (Resp.'s

---

[1] This action was initially assigned to United States Magistrate Judge James E. Bradberry, who retired effective January 31, 2010. On February 1, 2010, this action was reassigned to Judge Bradberry's duly appointed successor, United States Magistrate Judge Douglas E. Miller, who was appointed effective February 1, 2010.

Brief at Ex. 2). Petitioner did not file an appeal with the Supreme Court of Virginia.

On August 4, 2008, petitioner filed a petition for writ of habeas corpus in the Circuit Court for the City of Virginia Beach. (Resp.'s Brief at Ex. 3). The state petition alleged three grounds all predicated on the ineffective assistance of Gatlin's trial counsel. The Circuit Court considered the merits of Gatlin's claims and found none met the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). The state court dismissed the petition on November 10, 2008. (Resp.'s Brief at Ex. 4). Gatlin then appealed the dismissal of his state habeas petition to the Supreme Court of Virginia, which refused the appeal on July 9, 2009. (Resp.'s Brief at Ex. 5).

On September 24, 2009, Gatlin, proceeding pro se, filed this petition for habeas relief pursuant to 28 U.S.C. § 2254.[2] (Doc. #1). In the petition, Gatlin asserts the same three grounds for relief raised in the state petition. On November 4, 2009, respondent filed his Rule 5 Answer and motion to dismiss, along with a brief in support. (Doc. #'s 4-6). Petitioner filed his response and an affidavit on November 23, 2009. (Doc. #'s 8-9). Accordingly, respondent's motion is ripe for judicial review.

---

[2]The petition was received by the Richmond Division on October 5, 2009, and filed in the Norfolk Division on October 13, 2009. However, the petition was signed on September 24, 2009 and it is, therefore, deemed filed on that date. See Rule 3(d), Rules Governing Section 2254 Cases; Houston v. Lack, 487 U.S. 266, 276 (1988) (stating that motions filed by pro se prisoners are generally deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk").

2

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to plaintiff, and his factual allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Higgins v. Medical Coll. of Hpt. Rds., 849 F. Supp. 1113, 1117 (E.D. Va. 1994). A pleading fails to state a claim upon which relief can be granted when it does not "contain sufficient factual matter, accepted as true, 'to state a claim that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In ruling on a 12(b)(6) motion, the Court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. Simmon v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Statute of Limitations

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA). With the passage of the AEDPA, several modifications were made to habeas corpus law. Before the passage of the AEDPA, there was no statutory time limit for filing a habeas corpus petition. Brown v. Angelone, 150 F.3d 370, 371 (4th Cir. 1998). However, the AEDPA created a statute of limitation for habeas corpus petitions. 28 U.S.C. § 2244(d)(1); see Brown, 150 F.3d at 375. The AEDPA provides that any person in custody pursuant to a state court

judgment has one year to file a petition for a writ of habeas corpus. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time period during which state post-conviction or other collateral review is pending tolls the limitation period. 28 U.S.C. § 2244(d)(2).

In the present case, judgment was entered against Gatlin in the Circuit Court for the City of Virginia Beach on May 11, 2006. He appealed his convictions to the Virginia Court of Appeals which denied the appeal on August 17, 2007. Gatlin then had thirty days to note his appeal to the Supreme Court of Virginia, but did not do so. See Va. Sup. Ct. R. 5:17(a)(2). Accordingly, judgment against him became final on September 17, 2007, the day on which his time to seek review by the Supreme Court of Virginia expired.

Gatlin had one year from September 17, 2007--until September 16, 2008--to file his federal habeas petition. 28 U.S.C. § 2244(d)(1). On August 4, 2008, Gatlin filed his state habeas petition in the Circuit Court of the City for Virginia Beach. At that point, pursuant to 28

4

U.S.C. 2244(d)(2), the one-year limitation period was tolled, with 323 days of the one-year limitation period having already expired. The limitation period did not begin to run again until July 9, 2009, when the Supreme Court of Virginia refused the appeal of Gatlin's state habeas petition. Gatlin then had forty-two days--or until August 20, 2009--to file his federal petition. However, he did not file his federal habeas petition until September 24, 2009--thirty-five days after the statute of limitations expired.

Gatlin contends that the statute of limitations should be tolled for an additional ninety days--the period of time during which he could have filed a petition for writ of certiorari to the United States Supreme Court following the Virginia Supreme Court's refusal to hear his habeas appeal. Petitioner's Resp. at 3-4. This is incorrect. The one-year limitation period is only tolled during the pendency of state proceedings. Crawley v. Catoe, 257 F.3d 395, 400 (2001); see Atkinson v. Angelone, 2001 WL 1020287, at **2 (4th Cir. Sept. 6, 2001) (per curiam) (unpublished) (holding that the tolling provision of § 2244(d)(2) does not include the time in which a petitioner could have sought certiorari to the Supreme Court).[3]

Gatlin does not argue that he is entitled to equitable tolling; however, to the extent his alleged inability to obtain legal assistance in seeking collateral review can be construed as a plea for equitable tolling, the Court is unpersuaded. Equitable tolling is "reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the

---

[3] See Fed. R. App. P., Local R. 32.1; Hupman v. Cook, 640 F.2d 497, 501 n.7 (4th Cir. 1981).

limitation period against a party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Petitioner's vague assertion that he was unable to obtain help in perfecting his claims for collateral relief is insufficient to invoke equitable tolling. See Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (holding that there is no right to counsel in federal habeas cases). This is particularly true given his demonstrated ability to timely file a state habeas challenge, and the symmetry between his state and federal pleadings.

### III. RECOMMENDATION

Because Gatlin's federal petition for habeas relief was not filed within the time permitted by 28 U.S.C. § 2244(d)(1), the Court recommends that the petition be DENIED as barred by the statute of limitations, and respondent's motion to dismiss be GRANTED.

Furthermore, Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, it is recommended that the Court decline to issue a certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to

Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
Douglas E. Miller
United States Magistrate Judge

Norfolk, Virginia
April 16th, 2010

## Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

George Jonathan Gatlin, #364625
Deerfield Correctional Center
21360 Deerfield Dr.
Capron, VA 23829

Jennifer C. Williamson
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

April 19, 2010

8